IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAFAEL GONZALES-GUTIERREZ,

    Petitioner,

v.

MARK NOOTH,

    Respondent.

Case No. 2:16-cv-01969-MA

**OPINION AND ORDER**

**MARSH, Judge.**

Petitioner is currently in the custody of the Oregon Department of Corrections. He brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Petitioner's Habeas Corpus Petition (ECF No. 2) is DENIED, and this case is DISMISSED.

## BACKGROUND

Petitioner challenges his 2004 convictions for numerous offenses, including attempted rape, sexual abuse, and attempted aggravated murder. Resp't Exs. (ECF No. 18), Ex. 101. On May 28, 2004, the trial court entered a judgment of conviction in Multnomah County Case No. 03-05-32646 ("sex offense convictions"). *Id.* at 24-27. In July 2004, the trial court entered a judgment of conviction in Multnomah County Case No. 03-09-34393 ("attempted murder convictions"). *Id.* at 14-22.

Petitioner directly appealed both judgments. The Oregon Court of Appeals affirmed the sex offense convictions without opinion, and the Oregon Supreme Court denied review. *State v. Gonzales-Gutierrez*, 209 Or. App. 170 (2006), *rev. denied*, 342 Or. 473 (2007). The Oregon Court of Appeals affirmed the attempted murder convictions in part, and vacated and remanded in part "for entry of judgment of one conviction for attempted murder as to each victim, and resentencing." Resp't Ex. 115 at 9. The Oregon Supreme Court denied review. *State v. Gonzales-Gutierrez*, 216 Or. App. 97 (2007), *rev. denied*, 344 Or. 194 (2008). Both appellate judgments issued March 18, 2008. Resp't Exs. 110, 120. After the trial court entered an amended judgment of conviction on the attempted murder convictions, Petitioner filed a notice of appeal. Resp't Exs. 121. However, Petitioner then moved to dismiss that appeal, causing the Oregon Court of Appeals to issue an appellate judgment dismissing the appeal on September 23, 2009. Resp't Exs. 122, 123.

In April 2007, Petitioner filed, *pro se*, his initial petition for post-conviction relief (PCR) on the sex offense convictions. Resp't Ex. 124. It was dismissed March 23, 2011, after the Oregon Court of Appeals held that the PCR trial court did not have jurisdiction because the sex offense convictions were still on direct appeal at the time the PCR trial court denied relief. Resp't Exs. 124, 143. Meanwhile, in March 2009, Petitioner retained an attorney.[1] Decl. (ECF No. 28) Attach. 1. On May 31, 2011, Petitioner filed a counseled PCR petition on the sex offense convictions, but the court denied relief. Resp't Exs. 145, 189. On September 20, 2011, Petitioner filed a counseled PCR petition on the attempted murder convictions, but the court denied relief.

---

[1] Notably, PCR counsel's engagement letter expressly limited the scope of representation to "the appeal of your post-conviction relief case as well as the appeal of your Attempted Murder case in Multnomah County." Decl. (ECF No. 28) Attach. 1.

2 – OPINION AND ORDER

Resp't Exs. 190, 197. The Oregon Court of Appeals consolidated the appeals, and affirmed the PCR court. *Gutierrez v. Nooth*, 275 Or. App. 171 (2015). The Oregon Supreme Court denied review. *Gutierrez v. Nooth*, 359 Or. 39 (2016). The appellate judgment became final May 25, 2016. Resp't Ex. 209.

Petitioner signed his instant Petition for Writ of Habeas Corpus on October 5, 2016, alleging numerous grounds for relief, including ineffective assistance of trial counsel, trial court error, and governmental misconduct. Pet. (ECF No. 2). Respondent urges this Court to dismiss the Petition because it was filed after the one-year statute of limitations expired.[2] 28 U.S.C. § 2244(d)(1). Petitioner concedes the Petition is untimely, but argues he is entitled to equitable tolling because retained PCR counsel failed to monitor the federal deadline. Pet'r's Br. in Supp. (ECF No. 27) at 2-4.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations on a petition for writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Zepeda v. Walker*, 581 F. 3d 1013, 1016 (9th Cir. 2009) ("The period of direct review after which a conviction becomes final includes the 90

---

[2] The limitations period on the sex offense convictions began to run June 16, 2008 (including the 90-days to seek certiorari from the United States Supreme Court), and was not tolled until May 31, 2011 (when Petitioner filed his PCR petition), which is 714 days in excess of one year. The limitations period on the attempted murder convictions began to run September 23, 2009, and was not tolled until September 20, 2011 (when Petitioner filed his PCR petition), which is 362 days in excess of one year. An additional 133 days accrued between May 25, 2016 (the date the appellate judgment issued in the state PCR proceeding), and October 5, 2016 (the date Petitioner signed the instant Petition).

3 – OPINION AND ORDER

days during which the state prisoner can seek a writ of certiorari from the United States Supreme Court.") (citing *Bowen v. Roe*, 188 F. 3d 1157, 1159-60 (9th Cir. 1999) (same)). The limitations period is statutorily tolled while a "properly filed" state petition for post-conviction relief is pending. 28 U.S.C. § 2244(d)(2).

The one-year limitations period may be equitably tolled upon a showing that (1) the petitioner pursued his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 632 (2010); *Fue v. Biter*, 842 F.3d 650, 657 (9th Cir. 2016); *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). The extraordinary circumstance raised must be both the but-for cause and the proximate cause of the untimeliness. *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001). The inquiry sets a high bar, reserving equitable tolling for rare cases. *Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). A petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner cannot meet this burden. Petitioner argues PCR counsel created an "extraordinary circumstance" by leading Petitioner "to believe that his federal habeas corpus petition would be timely if he filed it at the conclusion of his [state] PCR proceedings." Pet'r's Br. in Supp. at 6. According to Petitioner, although PCR counsel timely prosecuted the state PCR cases, he failed to monitor federal deadlines and even advised Petitioner in an April 8, 2016, letter (years after the federal limitations period had expired) that Petitioner should appeal to the United States Supreme Court as well as petition for federal habeas relief. Decl. (ECF No. 28) Attach. 4.

Even assuming PCR counsel acted negligently, the error alleged by Petitioner would not constitute an "extraordinary circumstance" under equitable tolling law. *See Maples v. Thomas*,

days during which the state prisoner can seek a writ of certiorari from the United States Supreme Court.") (citing *Bowen v. Roe*, 188 F. 3d 1157, 1159-60 (9th Cir. 1999) (same)). The limitations period is statutorily tolled while a "properly filed" state petition for post-conviction relief is pending. 28 U.S.C. § 2244(d)(2).

The one-year limitations period may be equitably tolled upon a showing that (1) the petitioner pursued his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 632 (2010); *Fue v. Biter*, 842 F.3d 650, 657 (9th Cir. 2016); *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). The extraordinary circumstance raised must be both the but-for cause and the proximate cause of the untimeliness. *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001). The inquiry sets a high bar, reserving equitable tolling for rare cases. *Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). A petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner cannot meet this burden. Petitioner argues PCR counsel created an "extraordinary circumstance" by leading Petitioner "to believe that his federal habeas corpus petition would be timely if he filed it at the conclusion of his [state] PCR proceedings." Pet'r's Br. in Supp. at 6. According to Petitioner, although PCR counsel timely prosecuted the state PCR cases, he failed to monitor federal deadlines and even advised Petitioner in an April 8, 2016, letter (years after the federal limitations period had expired) that Petitioner should appeal to the United States Supreme Court as well as petition for federal habeas relief. Decl. (ECF No. 28) Attach. 4.

Even assuming PCR counsel acted negligently, the error alleged by Petitioner would not constitute an "extraordinary circumstance" under equitable tolling law. *See Maples v. Thomas*,

565 U.S. 266, 281 (2012) (restating "that an attorney's negligence, for example, miscalculating a filing deadline, does not provide a basis for tolling a statutory time limit") (citing *Holland v. Florida*, 560 U.S. 631, 651-52 (2010) and *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (finding that the petitioner's inability to correctly calculate the limitations period prescribed by 28 U.S.C. § 2244 was not a basis for equitable tolling); *Vanderpool v. Popoff*, No. 2:15-cv-01199-PK, 2017 WL 1102754, *2 (D. Or. Feb. 14, 2017) (same). Similar to counsel in the above cited cases, here PCR counsel's alleged error amounted to garden variety negligence, not professional misconduct warranting equitable tolling. *Cf. Luna v. Kernan*, 784 F.3d 640 (9th Cir. 2015) (finding counsel affirmatively mislead the petitioner to believe a timely petition had been filed, in additional to committing other professional misconduct, thereby transcending garden variety negligence and constituting an "extraordinary circumstance.").

Finally, Petitioner asks this Court to conduct an evidentiary hearing so he can testify that he believed his federal habeas petition would be timely if he filed it at the conclusion of his state PCR proceedings. Pet'r's Br. in Supp. at 7. Even if credited, however, this testimony would not establish the basis for equitable tolling. Therefore, Petitioner's request for an evidentiary hearing is denied. *See, e.g., Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (finding that if habeas relief is precluded on the record before the court, a district court is not required to hold an evidentiary hearing).

## CONCLUSION

Based on the foregoing, Petitioner's Habeas Corpus Petition (ECF No. 2) is DENIED, and this proceeding is DISMISSED, with prejudice. The Court declines to issue a Certificate of

Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 30 day of April, 2018.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge